UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| | Case No. 1:17-md-2804 |
| *This Document Relates To*: | |
| | 1:18-op-45821-DAP |
| 1:18-op-45821-DAP | |
| | Judge Dan Aaron Polster |
| BON SECOURS HEALTH SYSTEM, INC.; BON SECOURS- ST. FRANCIS XAVIER HOSPITAL, INC.; ST. FRANCIS HOSPITAL, INC.; ST. FRANCIS PHYSICIAN SERVICES, INC. | SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND |
| V. | |
| ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ALLERGAN FINANCE LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; ALLERGAN PLC, F/K/A ACTAVIS PLC; WATSON LABORATORIES, INC.; ACTAVIS, LLC; AMERISOURCEBERGEN DRUG CORPORATION; AMNEAL PHARMACEUTICALS, LLC; ASSOCIATED PHARMACIES, INC.; B&B PHARMACEUTICALS, INC.; CARDINAL HEALTH, INC.; CVS HEALTH CORPORATION; ECKERD CORPORATION D/B/A ECKERD PHARMACY; JOHNSON & JOHNSON; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC., N/K/A JANSSEN PHARMACEUTICALS, INC.; NORAMCO, INC.; JANSSEN PHARMACEUTICALS, INC.; KING DRUG COMPANY OF | |

1

| | |
|---|---|
| FLORENCE; MCKESSON | ) |
| CORPORATION; MEDISCA INC.; | ) |
| MYLAN PHARMACEUTICALS, INC.; | ) |
| N. C. MUTUAL WHOLESALE DRUG | ) |
| CO. A/K/A MUTUAL DRUG; | ) |
| OMNICARE DISTRIBUTION CENTER, | ) |
| LLC; PAR PHARMACEUTICAL | ) |
| COMPANIES, INC.; PAR | ) |
| PHARMACEUTICAL, INC.; PUBLIX | ) |
| SUPER MARKETS, INC.; PURDUE | ) |
| PHARMA L.P.; PURDUE PHARMA | ) |
| INC.; PURDUE FREDERICK | ) |
| COMPANY, INC.; RITE AID | ) |
| CORPORATION; SANDOZ, INC.; | ) |
| SMITH DRUG COMPANY A/K/A J M | ) |
| SMITH CORPORATION; SPECGX, | ) |
| LLC; TEVA PHARMACEUTICAL | ) |
| INDUSTRIES, LTD.; TEVA | ) |
| PHARMACEUTICALS USA, INC.; | ) |
| WALGREENS BOOTS ALLIANCE, | ) |
| INC.; WALMART INC.; WEST-WARD | ) |
| PHARMACEUTICALS CORP. K/N/A | ) |
| HIKMA PHARMACEUTICALS, PLC; | ) |
| CEPHALON, INC.; MALLINCKRODT | ) |
| PLC; MALLINCKRODT LLC; | ) |
| ENDO PHARMACEUTICALS, INC.; | ) |
| ENDO HEALTH SOLUTIONS, INC. | ) |

***** ** ** *****

Plaintiffs submit this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation*, in the United States District Court for the Northern District of Ohio, Doc. ##: 513, 514,[1] and as may be amended in the future, and any additional claims

---

[1] Docket #: 513 is the redacted Summit Second Amended Complaint and Docket #: 514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit

asserted herein. Plaintiffs also hereby amend their complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in Plaintiffs' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiffs' Existing Complaint, Bon Secours Health System, Inc., et al. v. Purdue Pharma L.P., et al. (1:18-op-45821-DAP), as well as the *Summit County* Pleadings are expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiffs assert claims against the following Defendants:

ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ALLERGAN FINANCE LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; ALLERGAN PLC, F/K/A ACTAVIS PLC; WATSON LABORATORIES, INC.; ACTAVIS, LLC; AMERISOURCEBERGEN DRUG CORPORATION; AMNEAL PHARMACEUTICALS, LLC; ASSOCIATED PHARMACIES, INC.; B&B PHARMACEUTICALS, INC.; CARDINAL HEALTH, INC.; CVS HEALTH CORPORATION; ECKERD CORPORATION D/B/A ECKERD PHARMACY; JOHNSON & JOHNSON; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC., N/K/A JANSSEN PHARMACEUTICALS, INC.; NORAMCO, INC.; JANSSEN PHARMACEUTICALS, INC.; KING DRUG COMPANY OF FLORENCE; MCKESSON CORPORATION; MEDISCA INC.; MYLAN PHARMACEUTICALS, INC.; N. C. MUTUAL WHOLESALE DRUG CO. A/K/A MUTUAL DRUG; OMNICARE DISTRIBUTION CENTER, LLC; PAR PHARMACEUTICAL COMPANIES, INC.; PAR PHARMACEUTICAL, INC.; PUBLIX SUPER MARKETS, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA INC.; PURDUE FREDERICK COMPANY, INC.; RITE AID CORPORATION; SANDOZ, INC.; SMITH DRUG COMPANY A/K/A J M SMITH CORPORATION; SPECGX, LLC; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; WALGREENS BOOTS ALLIANCE, INC.; WALMART

---

Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #: 24.

INC.; WEST-WARD PHARMACEUTICALS CORP. K/N/A HIKMA PHARMACEUTICALS, PLC; CEPHALON, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; ENDO PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS, INC.

I, **Robert K. Finnell**, Counsel for Plaintiffs, certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiffs.

I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.

I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.

The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:

**N/A**

Dated: **March 15, 2019**                Signed: **/s/ Robert K. Finnell**

Factual Allegations Regarding Individual Defendants

2.1    Defendants ALLERGAN FINANCE LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; AMNEAL PHARMACEUTICALS, LLC; ASSOCIATED PHARMACIES, INC.; B&B PHARMACEUTICALS, INC.; CVS HEALTH CORPORATION; ECKERD CORPORATION D/B/A ECKERD PHARMACY; KING DRUG COMPANY OF FLORENCE; MEDISCA INC.; MYLAN PHARMACEUTICALS, INC.; N. C. MUTUAL WHOLESALE DRUG CO. A/K/A MUTUAL DRUG; OMNICARE DISTRIBUTION CENTER, LLC; PAR PHARMACEUTICAL, INC.; PAR PHARMACEUTICAL COMPANIES, INC.; PUBLIX SUPER MARKETS, INC.; RITE AID CORPORATION; SANDOZ, INC.; SMITH DRUG COMPANY A/K/A J M SMITH CORPORATION; SPECGX, LLC; WALGREENS BOOTS ALLIANCE, INC.; WALMART INC.; WEST-WARD PHARMACEUTICALS CORP K/N/A HIKMA PHARMACEUTICALS, PLC;. are hereby added as Defendants by this pleading based on the following jurisdictional allegations:

2.1.1  Defendant **Allergan Finance LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.** is hereby now named replacing Watson Pharmaceuticals, Inc. n/k/a Actavis Inc.  Plaintiffs expressly incorporate the jurisdictional and factual allegations previously asserted in Plaintiffs' original complaint against Watson Pharmaceuticals, Inc. n/k/a Actavis Inc.

as if set forth in full herein against Allergan Finance LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.

2.1.2     Defendant **Amneal Pharmaceuticals, LLC** is a Delaware corporation with its principal place of business in Bridgewater Township, New Jersey. Amneal was created when Amneal Pharmaceuticals, LLC merged with Impax in 2018. Amneal manufactures, promotes, distributes, and/or sells opioids throughout Plaintiffs' Communities and/or the rest of the nation in violation of the duties owed to Plaintiff, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Amneal Pharmaceuticals, LLC is being sued as a Marketing Defendant.[2]

2.1.3     Defendant **Associated Pharmacies, Inc.** is a Alabama corporation with its principal office located in Scottsboro, Alabama. Associated Pharmacies, Inc. operates as a subsidiary of American Associated Pharmacies, Incorporated. Associated Pharmacies, Inc. distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Associated Pharmacies, Inc. is being sued as a Distributor Defendant.

2.1.4     Defendant **B&B Pharmaceuticals, Inc.** is a Colorado corporation with its principal place of business in Englewood, Colorado. B&B Pharmaceuticals, Inc. distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. B&B Pharmaceuticals, Inc. is being sued as a Distributor Defendant.

---

[2] "Marketing Defendant" is the term used in the *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45090 pleadings. In Plaintiffs' original complaint, incorporated herein, the term "Manufacturer Defendants" was used to refer to the same entities. For the purposes of this Short Form Complaint, Plaintiffs use the term "Marketing Defendant" but expressly incorporates each and every jurisdictional and factual allegation previously asserted in Plaintiffs' original complaint against the "Manufacturing Defendants."

2.1.5     Defendant **CVS Health Corporation** is a Delaware corporation with its principal place of business in Rhode Island. CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, L.L.C.; CVS Orlando FL Distribution; CVS Pharmacy, Inc.; CVS RX Services, Inc, d/b/a CVS Pharmacy Distribution Center; CVS TN Distribution, LLC; and CVS VERO FL Distribution, L.L.C (collectively "CVS"). CVS is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale pharmaceutical Distributor. CVS distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries.  CVS is being sued as a Distributor.

2.1.6     Defendant **Eckerd Corporation d/b/a Eckerd Pharmacy ("Eckerd")** is a Delaware corporation.  Eckerd distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Eckerd is being sued as a Distributor Defendant.

2.1.7     Defendant **King Drug Company of Florence** is headquartered in Florence, South Carolina.  King Drug Company of Florence distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. King Drug Company of Florence is being sued as a Distributor Defendant.

2.1.8     Defendant **Medisca Inc.** is headquartered in St. Laurent Quebec, Canada. Medisca Inc. distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient

quantities to be a proximate cause of Plaintiffs' injuries. Medisca Inc. is being sued as a Distributor Defendant.

2.1.9 Defendant **Mylan Pharmaceuticals, Inc.** is a Pennsylvania corporation, with its principal place of business located in Canonsburg, Pennsylvania. Mylan is a wholly owned subsidiary of Mylan Laboratories, Ltd., which is a wholly owned subsidiary of Mylan, Inc. Mylan manufactures, promotes, distributes, and/or sells opioids throughout Plaintiffs' Communities and/or the rest of the nation in violation of the duties owed to Plaintiff, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Mylan is being sued as a Marketing Defendant.

2.1.10 Defendant **N. C. Mutual Wholesale Drug Co. a/k/a Mutual Drug** is a North Carolina company Headquartered in Durham, North Carolina. N.C. Mutual Wholesale Drug Co. distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. N.C. Mutual Wholesale Drug Co. is being sued as a Distributor Defendant.

2.1.11 Defendant **Omnicare Distribution Center, LLC** is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Omnicare is a wholesale distributor of pharmaceutical drugs that distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Omnicare is being sued as a Distributor Defendant.

2.1.12 Defendant **Par Pharmaceutical, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-

owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant **Par Pharmaceutical Companies, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc., (collectively "Par Pharmaceutical") was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale pharmaceutical distributor. Par Pharmaceutical manufactures, promotes, distributes, and/or sells opioids throughout Plaintiffs' Communities and/or the rest of the nation in violation of the duties owed to Plaintiff, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Par Pharmaceutical is being sued as a Marketing Defendant.

    2.1.13 Defendant **Publix Super Markets, Inc.** is a Florida corporation with its principal place of business in Lakeland, Florida. Defendant Publix is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale pharmaceutical distributor. Publix Super Markets, Inc. distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Publix Super Markets, Inc. is being sued as a Distributor Defendant.

    2.1.14 Defendant **Rite Aid Corporation** is a Delaware corporation with its principal place of business in Camp Hill, Pennsylvania. During all relevant times, Rite Aid has distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Rite Aid is being sued as a Distributor Defendant.

2.1.15 Defendant **Sandoz, Inc.** is a Colorado corporation with its principal place of business in Princeton, New Jersey. Sandoz manufactures, promotes, distributes, and/or sells opioids throughout Plaintiffs' Communities and/or the rest of the nation in violation of the duties owed to Plaintiff, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Sandoz is being sued as a Marketing Defendant.

2.1.16 Defendant **Smith Drug Company** a/k/a J M Smith Corporation, is registered with the West Virginia Secretary of State as a South Carolina corporation with its principal office located in Spartanburg, South Carolina, doing business as Smith Drug Company. Smith Drug Company distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Smith Drug Company is being sued as a Distributor Defendant.

2.1.17 Defendant **SpecGx, LLC** is a Delaware limited liability company with its headquarters in Clayton, Missouri, and is a wholly owned subsidiary of Mallinckrodt plc. Mallinckrodt plc, Mallinckrodt LLC, and SpecGx, and their DEA registrant subsidiaries and affiliates (together "Mallinckrodt") manufactures, promotes, distributes, and/or sells opioids throughout Plaintiffs' Communities and/or the rest of the nation in violation of the duties owed to Plaintiff, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. SpecGx LLC is being sued as a Marketing Defendant.

2.1.18 Defendant **Walgreens Boots Alliance, Inc.** is a Delaware corporation with its principal place of business in Deerfield, Illinois. During all relevant times, Walgreens has distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original

complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Walgreens is being sued as a Distributor Defendant.

2.1.19 Defendant **Walmart Inc.** formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart is registered to conduct business and/or conducts business in Plaintiffs' Communities as a licensed wholesale distributor. Walmart distributed opioids, in violation of the duties owed to Plaintiffs as set forth in Plaintiffs' original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. Walmart is being sued as a Distributor Defendant.

2.1.20 Defendant **West-Ward Pharmaceuticals Corp.** k/n/a Hikma Pharmaceuticals, PLC ("West-Ward") is a Delaware corporation with its headquarters in Eatontown, New Jersey. West-Ward manufactures, promotes, distributes, and/or sells opioids throughout Plaintiffs' Communities and/or the rest of the nation in violation of the duties owed to Plaintiff, in sufficient quantities to be a proximate cause of Plaintiffs' injuries. West-Ward Pharmaceuticals Corp. is being sued as a Marketing Defendant.

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiffs hereby incorporate by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Doc. #: 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)

☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)

☒ RICO Supply chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiffs' Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiffs asserts the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

**N/A**

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Doc. #: 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiffs' Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiffs assert the following **additional claims** as indicated (below or attached):

**N/A**

7. To the extent Plaintiffs wish to **dismiss claims** previously asserted in Plaintiffs' Complaint, they are identified below and will be dismissed without prejudice.

**N/A**

WHEREFORE, Plaintiffs prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern

District of Ohio, MDL No. 2804 and in Plaintiffs' Existing Complaint as has been amended herein.

Dated: March 15, 2019                       /s/ Robert K. Finnell
                                            ROBERT K. FINNELL
                                            Ga. Bar No. 261575
                                            THE FINNELL FIRM
                                            1 W. 4th Street, Suite 200
                                            Rome, GA 30161
                                            Phone: (706) 235-7272
                                            Facsimile: (706) 235-9461
                                            *Attorneys for Plaintiffs*

4823-6698-8427, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF systems.

By: /s/ Robert K. Finnell
**ROBERT K. FINNELL**
Georgia Bar No. 261575
**THE FINNELL FIRM**
One West Fourth Avenue, Suite 200
Post Office Box 63
Rome, Georgia 30162
Phone: (706) 235-7272
Facsimile: (706) 235-9461
bob@finnellfirm.com